UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00503-RJC

| | |
|---|---|
| IN RE BESTWALL LLC, <br><br>  Debtor. <br><br> PATRICIA BLAIR, ET AL., <br><br>  Appellants, <br><br> v. <br><br> BESTWALL LLC, <br><br>  Appellee. | **ORDER** |

**THIS MATTER** comes before the Court on the Notice of Appeal filed on September 23, 2021 (Doc. No. 1) and Appellee's Amended Motion to Dismiss (Doc. No. 4). For the reasons stated herein, the Amended Motion to Dismiss is **GRANTED** and this appeal is **DISMISSED**.

I.  BACKGROUND

This appeal arises out of Bestwall LLC's (the "Debtor") Chapter 11 bankruptcy case in this District for the purpose of resolving asbestos-related claims against it. (Bankruptcy Case No. 17-31795). During the course of the bankruptcy proceeding, on March 23, 2021, the Bankruptcy Court granted the Debtor's request to serve a questionnaire by first class mail on the asbestos claimants with cases pending against the Debtor (the "PIQ Order"). (Bankr. Doc. No. 1670). The PIQ Order requires asbestos claimants with pending claims against the Debtor to submit information about their claims by completing a questionnaire (the "PIQ Questionnaire"). (*Id.*). Various parties appealed the PIQ Order to this Court, asserting that the Bankruptcy Court erred by authorizing the PIQ Questionnaire. On appeal, on May 10, 2021, this Court held that the Bankruptcy Court's PIQ Order is not a final appealable order and denied leave to appeal the

1

interlocutory PIQ Order.[1]  (Case No. 3:21-cv-151-RJC, Doc. No. 11).

Thereafter, despite this Court's Order and the Bankruptcy Court's PIQ Order, on June 21, 2021, the Appellants, asbestos claimants residing in Illinois (the "Illinois Claimants") and The Law Firm of Maune, Raichle, Hartley, French & Mudd, LLC ("Maune Raichle") (together, the "Illinois Parties") filed a lawsuit against the Debtor in the United States District Court for the Southern District of Illinois (the "Illinois Lawsuit").  *See Blair et al. v. Bestwall LLC*, No. 3:21-cv-00675-SMY (S.D. Ill.).  The Illinois Lawsuit sought, among other things, a preliminary injunction on an expedited basis enjoining Bestwall from enforcing the PIQ Order.  (Bankr. Doc. No. 2170, Ex. 12).  As a result, on emergency motion filed by the Debtor, the Bankruptcy Court held a hearing on July 22, 2021, and found the Illinois Parties in civil contempt for violating the PIQ Order and gave them the opportunity to purge their contempt by dismissing the Illinois Lawsuit (the "Contempt Order").  (Bankr. Doc. Nos. 1856, 1996).  The Illinois Parties did not dismiss the Illinois Lawsuit.  Instead, they moved forward with an expedited preliminary injunction hearing the next day, after which the District Court for the Southern District of Illinois dismissed the action with prejudice for lack of personal jurisdiction and subject matter jurisdiction. (Bankr. Doc. No. 2095).

On August 19, 2021, the Bankruptcy Court held an evidentiary hearing on the Illinois Parties' contempt.  (Bankr. Doc. No. 2095).  Following the hearing, the Bankruptcy Court sanctioned the Illinois Parties jointly and severally in the amount of $402,817.70, to compensate the Debtor for the fees and expenses it incurred in defending the Illinois Lawsuit and prosecuting

---

[1] The Court later granted in part and denied in part a motion for rehearing filed by the Official Committee of Asbestos Claimants, vacating its affirmance of the PIQ Order but denying the motion to the extent it asked the Court to reconsider its jurisdictional decisions that the PIQ Order is not a final order for the purposes of 28 U.S.C. § 158(a)(1) and its denial of leave for an interlocutory appeal under 28 U.S,.C. § 158(a)(3).  (Case No. 3:21-cv-151-RJC, Doc. No. 15).

2

Case 3:21-cv-00503-RJC   Document 16   Filed 08/31/22   Page 2 of 7

the contempt proceedings in the Bankruptcy Court (the "Sanctions Order") (the Contempt Order and Sanctions Order together, the "Orders"). (*Id.*). The Illinois Parties appealed both the Contempt Order and Sanctions Order. The Illinois Parties appeal the Contempt Order in case number 3:21-cv-00503-RJC and appeal the Sanctions Order in case number 3:21-cv-00510-RJC. The Debtor moved to dismiss both appeals, arguing the Contempt Order and the Sanctions Order are not final and not immediately appealable.

## II. DISCUSSION

This Court has jurisdiction over "final judgments, orders, and decrees . . . ." 28 U.S.C. § 158(a). Bankruptcy cases involve "an aggregation of individual controversies, many of which would exist as stand-alone lawsuits but for the bankruptcy status of the debtor." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015). On the other hand, the list of contested matters and controversies in a bankruptcy case is "endless" *Id.* at 505. Thus, courts take a pragmatic view of finality in bankruptcy cases and orders in bankruptcy case "may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Id.*; *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir. 2005). In the Fourth Circuit, "a party to litigation may not immediately appeal a civil-contempt order" because it is a non-final judgment and the reviewing court lacks jurisdiction. *U.S. v. Myers*, 593 F.3d 338, 344 (4th Cir. 2010) (citing *Fox v. Capital Co.*, 299 U.S. 105, 107 (1936)). However, disinterested non-parties to litigation may immediately appeal a civil contempt order because "the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." *In re Naranjo*, 768 F.3d 332, 342 (4th Cir. 2014) (citing *In re Pruett*, 133 F.3d 217, 281 n.10 (4th Cir. 197); *Myers*, 593 F.3d at 345.

The Debtor argues the Orders are interlocutory orders that do not dispose of a discrete controversy in the bankruptcy case because compliance with and issues surrounding the PIQ Order are ongoing. Instead, they argue the relevant proceedings are those to which the PIQ Order relates,

3

such as administration of the estate, plan formulation, and plan confirmation, which all remain ongoing. The Illinois Parties argue the Orders are final, appealable orders because they ended the particular, discrete controversy regarding their contempt of the PIQ Order. Each party cite to non-binding cases for their positions that the Orders are interlocutory or final.

In *In re Stasz*, the Ninth Circuit Bankruptcy Appellate Panel concluded a civil contempt order enforcing a Rule 2004 examination was a final, appealable order. 387 B.R. 271, 275 (9th BAP 2008). The Court reasoned that Rule 9020 provides that motions for contempt are contested matters and because the debtor's contempt of the Rule 2004 examination was the only matter before the court the order entered resolving the motion for contempt was a final order. *Id.* The court noted that if the sanctions award was not appealable at the time it was entered, it was unclear when the order would become final and appealable. *Id.* at 276. Other bankruptcy appellate panels have followed the reasoning in *Strasz*. *See In re Fatsis*, 405 B.R. 1 (1st BAP 2009) (relying on *Strasz* to conclude contempt order was a final, appealable order); *In re Webb*, 472 B.R. 665 (6th BAP 2012) (concluding sanctions order completely resolved the contempt issues between the parties such that it was a final, appeal order); *In re Norrie*, No. CC–16–1002–KuKiTa, 2016 WL 6407839, at *7 (9th BAP 2016) (concluding civil contempt of Rule 2004 examination was final, appealable order because there was no other clear time at which such contempt order would otherwise become final). On the other hand, other district courts have concluded contempt orders, even in the bankruptcy context, are interlocutory orders not subject to immediate appeal when they would otherwise not be immediately appealable. *See In re Connolly North Am., LLC*, 2011 WL 1357754, at *2 (E.D. Mich. Apr. 11, 2011) (concluding bankruptcy court's contempt order was interlocutory order); *In re VeroBlue Farms USA, Inc.*, No. 21-CV-3017-CJW-KEM, 2021 3260087 (N.D. Ia. June 30, 2021) (concluding sanctions order was not a final appealable order); *Regan v. Hon*, No. 3:20-cv-00846 (BKS), 2021 WL 3603051 (N.D.N.Y. Aug. 13, 2021)

4

(concluding contempt order issued by bankruptcy court was not a final order).

Here, first, the Court does not find the Illinois Claimants to be disinterested non-parties to the bankruptcy case. The Illinois Claimants are not disinterested and do not lack a sufficient stake in the proceeding to risk contempt. Instead, they are subject to the PIQ Order because they have or will have asbestos claims against the Debtor. In a large bankruptcy case like the Debtor's it may be years before proofs of claims are filed, but in the meantime the claimants still have a significant stake in the bankruptcy case and actively participate. Additionally, Maune Raichle is not a disinterested non-party, where, here, it was found jointly and severally liable for the contempt and has a congruence of interests with the Illinois Claimants. *Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 167 (7th Cir. 1997); *In re Naranjo*, 768 F.3d at 344-45.

Next, the Court concludes based on the facts of this case that the Contempt Order and Sanctions Order are interlocutory orders and not subject to immediate appeal. This Court previously concluded the PIQ Order is an interlocutory order, and, here, the enforcement of that same order is not any more final. In other contexts, a party to litigation may not immediately appeal contempt orders related to discovery orders. While the Court recognizes the approach in bankruptcy cases is slightly different than typical civil litigation, the court is not persuaded that the particular Orders in this case, related purely to an interlocutory discovery order for which disputes remain ongoing, are final only in the context of a bankruptcy case when they otherwise would not be immediately appealable in the Fourth Circuit. Disputes surrounding the PIQ Order remain ongoing, and the Court does not find that an order on one of numerous contempt motions, related to the same order, meets the standard "finally dispos[ing] of [a] discrete dispute[] within the larger case." *Bullard v. Blue Hills Bank*, 575 U.S. at 505. Despite urging otherwise, the Illinois Parties should have other opportunities to appeal the Orders, for example, during plan confirmation or claim objections, which result the Court again does not find significantly different than typical

civil litigation. 28 U.S.C. § 157(b); *Bullard*, 575 U.S. at 503.

The court's reliance on Rule 9020 in *Stasz*, is also insufficient to conclude the Orders are final here. Rule 9020 essentially makes a contempt motion a contested matter. But, as the Supreme Court in *Bullard* noted, the number of contested matters or discrete disputes in bankruptcy cases is endless (i.e. motions for extension of time) such that an order in each contested matter is not a per se final order. Indeed, as noted, in the Debtor's bankruptcy case, the disputes related to the PIQ Order are numerous, significant, and ongoing. For example, two additional appeals related to enforcement of the PIQ Order were filed in this Court after this appeal. The continued defiance of the Bankruptcy Court's PIQ Order in an effort to avoid complying with it and appeal of the same will only further delay the administration of the bankruptcy case and cause a significant amount of piecemeal litigation. "[E]ach climb up the appellate ladder and slide down the chute can take more than a year. Avoiding such delays and inefficiencies is precisely the reason for a rule of finality. It does not make much sense to define the pertinent proceeding so narrowly that the requirement of finality would do little work as a meaningful constraint on the availability of appellate review." *Bullard*, 575 U.S. at 504. Accordingly, the Contempt Order and Sanction Order are interlocutory orders and this Court lacks jurisdiction over this appeal.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Appellee's Amended Motion to Dismiss (Doc. No. 4) is **GRANTED**; and

2. This appeal is **DISMISSED**.

The Clerk of Court is directed to close this case.

Signed: August 31, 2022

Robert J. Conrad, Jr.
United States District Judge